FILED
 2008 Sep-25  PM 04:13
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **HUBERT WARD,** | ] |
| **Plaintiff,** | ] |
| v. | ] |
| **ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; ROBERT E. BRADFORD; RETIREMENT PLANNING CORPORATION; SENIOR INFO CENTER; ALLEN SPRINGER; PROFESSIONAL PLANNERS MARKETING GROUP, LLC; and FICTITIOUS DEFENDANTS 1-20,** | ]   CV-08-BE-1559-M |
| **Defendants.** | ] |

**MEMORANDUM OPINION AND ORDER**

This case comes before the court on the notice of removal filed by defendants Allianz Life Insurance Company of North America ("Allianz") and Professional Planners Marketing Group, LLC ("PPMG") (doc. 1). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.2d 1292, 1299 (11th Cir. 2001). Having considered the defendants' removal *sua sponte*, the court concludes that federal jurisdiction is lacking and that this case is due to be REMANDED to the state court from which it was improperly removed.

In the removal context, the removing defendants bear the burden of establishing the

1

court's jurisdiction. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). The defendants' "right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Allianz and PPMG removed this action from the Circuit Court of Marshall County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).

Since the enactment of the diversity jurisdiction statute 28 U.S.C. § 1332, the United States Supreme Court has "interpreted the diversity statute to require 'complete diversity' of citizenship." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). In other words, "[w]here jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Allianz and PPMG allege that the matter in controversy exceeds $75,000 and that complete diversity of citizenship exists. Although defendant Retirement Planning Corporation ("RPC") is not diverse from the plaintiff, the removing defendants allege that RPC is fraudulently joined and that, therefore, federal jurisdiction is proper.

This case on its face lacks complete diversity of citizenship, because defendant RPC is not diverse from the plaintiff. This court, therefore, lacks jurisdiction to keep the case unless the non-diverse defendant has been fraudulently joined, as the defendant alleges. "The burden of proving these allegations rests on [the defendants] as the removing party." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 782 n.3 (11th Cir. 1989).

Fraudulent joinder can happen (1) "when there is no possibility that the plaintiff can

2

prove a cause of action against the resident (non-diverse) defendant" or (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs v. John Crump Toyota, Inc.* 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Coker*, 709 F.2d at 1440-41). "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis in original) (internal quotation marks omitted).

   The defendants assert in their notice of removal that the plaintiff's complaint cannot state a cause of action against RPC, the only remaining non-diverse defendant, because the plaintiff has released RPC's agents with prejudice. Alabama law is clear that a dismissal *with prejudice* of the claims against an agent exonerates the principal of liability based on the doctrine of respondeat superior. *See Ala. Life Ins. Corp. v. Jackson*, 906 So. 2d 143, 155 (Ala. 2005). The plaintiff in this case entered into an agreement with the individual released defendants whereby the plaintiff agreed to dismiss them *without prejudice*, provided that the individual defendants agree to dismiss the then-pending Writ of Mandamus in the Supreme Court of Alabama and not hinder the progress of the plaintiff's case against the remaining defendants. (Exh. D). Pursuant to that agreement, the plaintiff filed a motion for voluntary dismissal and the individual defendants were dismissed *without prejudice* by the Walker County Circuit Court. (Exhs. F & G).

   The removing defendants argue that, despite the use of the magic words "without prejudice" in both the agreement and the order of dismissal, the effect of the agreement and subsequent dismissal amounts to a de fact dismissal *with prejudice*. The defendants cite former Fifth Circuit precedent in arguing that when conditions placed upon a voluntary dismissal

severely circumscribe the plaintiff's ability to later bring suit, the dismissal is with prejudice, even though the words "without prejudice" are used. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603-04 (5th Cir. 1976).[1] The former Fifth Circuit in *LeCompte* found that the plaintiff would be "severely circumscribed in his freedom to bring a later suit," because "[b]efore doing so he must come before the same court and affirmatively demonstrate that the case should be reopened and that he possesses a valid cause of action." *Id.* at 604. Because the plaintiff would essentially have to prove his case preliminarily to the district court before being allowed the right to bring suit, the court determined that the dismissal "without prejudice" was in effect a dismissal *with prejudice*, which was appealable as a final judgment on the merits.

As the *LeCompte* court stated, however, "any requirement imposed upon a plaintiff as a condition for allowing him a voluntary dismissal amounts to some degree of prejudice to his action, as a practical matter," but not every condition amounts to legal prejudice. *LeCompte*, 528 F.2d at 603. Here, the plaintiff has covenanted not to sue the individual defendants on the condition that the individual defendants cooperate with the terms of the agreement. (*See* exh. D). Even the *LeCompte* court noted that placing such conditions on a dismissal would not necessarily render the dismissal denominated as "without prejudice" a de facto dismissal *with prejudice*. *Id.* (citing *Goldlawr, Inc. v. Shubert*, 32 F.R.D. 467 (S.D.N.Y. 1963) (involving a dismissal without prejudice conditioned on plaintiff covenanting not to sue defendants, where a dismissal with prejudice might have adversely affected plaintiff's related litigation)).

In contrast, the court notes that in this case the language of both the agreement and the

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered before the close of business on October 1, 1981.

voluntary dismissal motion indicate that the plaintiff has reserved the right to pursue his claims against RPC.  For example, the agreement[2] states that "Plaintiffs further agree that, should they obtain a judgment against RPC, . . . they will not mention any of the individual . . . defendants" and that "Plaintiffs agree not to seek recovery from any of the individual . . . Defendants through a piercing of the corporate veil of RPC . . . for any judgment obtained in the case."  (Exh. D ¶¶ 12, 14).  The motion to voluntarily dismiss the individual defendants likewise stated that "Plaintiffs continue to pursue all of their claims against the remaining Defendants, including . . . Retirement Planning Corporation."  (Exh. F).  The court also notes that RPC has remained a defendant in this case after the dismissal of the individual defendants, which indicates to the court that "there is *even a possibility* that a state court would find that the complaint states a cause of action against . . . the resident defendant[]."  *Triggs v. John Crump Toyota, Inc.* 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original) (internal quotation marks omitted).[3]  Accordingly, Eleventh Circuit precedent mandates that this court "must find that the joinder was proper and remand the case to the state court."  *Id.*

## CONCLUSION

The court finds that the defendants have not sufficiently established that the effect of the plaintiff's agreement with the individual dismissed defendants amounts to a de facto dismissal with prejudice.  As such, the dismissal without prejudice of the agents preserves the plaintiff's

---

[2] The agreement to voluntarily dismiss the individual defendants was initiated and entered into by Clark, a plaintiff in a related case, on behalf of himself and on behalf of all other plaintiffs in related cases against the same defendants.

[3] The court further notes that RPC also remains a defendant in *Clark v. Allianz, et al.*, a related sister case which was set for trial in the Circuit Court of Walker County beginning September 15, 2008.

right to continue his suit against the non-diverse principal, RPC. The parties in this case, therefore, are not completely diverse, and this court lacks subject matter jurisdiction over the case. Accordingly, the court ORDERS that this case be REMANDED to the Circuit Court of Marshall County, Alabama.

DATED this 25th day of September, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE